Dear Mr. Landry:
You recently submitted the following inquiry for our review:
 May a member of the Iberia Parish Council also serve in a full-time appointed position as Executive Director of the Iberia Industrial Development Foundation Board?
You advise that the Iberia Industrial Development Foundation Board engages in the promotion of industrial development within the parish and thus engages in cooperative endeavors with some of the local public bodies. Because you have advised in the opinion request that the Iberia Industrial Development Foundation Board is a private, non-profit organization, it is thereforenot part of a political subdivision and accordingly there is no possible violation of the dual office-holding or dual employment prohibition found in LSA-R.S. 42:63(D), providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
However, it is the opinion of this office that LSA-R.S.42:64(A)(6) may be applicable. That statute provides:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * * * *
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
It is the opinion of this office that if the Iberia Parish Council either transfers or donates funds to the Foundation or directs the organization on how to spend such funds, while a parish councilman holds employment with the organization as its executive director, such arrangement would constitute incompatible offices under LSA-R.S. 42:64(A)(6). The parish council would be allocating monies to an organization run by a member of the parish council, and such factual circumstances would be violative of the dual office-holding law.
We trust that you will research those facts concerning the transfer of funds and determine whether the prohibitory language of LSA-R.S. 42:64(A)(6) is applicable.
Finally, we would suggest you seek the opinion of the Board of Ethics for Elected Officials, at 7434 Perkins Road, Suite B, Baton Rouge, LA 70810, to determine whether there are any violations of the Code of Governmental Ethics.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
Date Received: March 21, 1996
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL